Bob W. BROWN, Appellant,

v.

Harold A. COX, Warden, Appellee.

No. 8144.

United States Court of Appeals Tenth Circuit.

June 21, 1965.

the grand larceny charge. Brown now contends that his guilty plea was the result of admissions and a statement made by him prior to the time he retained counsel, and coercion and promises made by state officials in violation of his constitutional rights. We find no merit to that contention.

To the contrary, from an examination of the record it is clear that Brown knowingly, intelligently and voluntarily entered a plea of guilty to the charge, with the advice of counsel of his own choosing. Neither the statements nor the admissions allegedly made by Brown were used against him. His plea of guilty under those circumstances constituted a waiver of the alleged defects which Brown now attempts to raise.[1]

The judgment should be and is affirmed.

James E. Birchby, Sheridan, Wyo., for appellant.

L. D. Harris, Sp. Asst. Atty. Gen., of N. M. (Boston E. Witt, Atty. Gen., of N. M., on brief), for appellee.

Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the United States District Court for the District of New Mexico denying a petition for a writ of habeas corpus. Brown was convicted and sentenced on his plea of guilty to the offense of grand larceny in a New Mexico state court. It is from that sentence that he seeks release.

At some time subsequent to his preliminary hearing before a New Mexico Justice of the Peace and prior to the time he was arraigned in the District Court, Brown retained counsel of his own choosing, who advised him to plead guilty to

---

1. United States ex rel. Staples v. Pate, 7 Cir., 332 F.2d 531; Hoffman v. United States, 9 Cir., 327 F.2d 489, 490–491; Phillips v. United States, 5 Cir., 318 F. 2d 17; United States v. Koptik, 7 Cir., 300 F.2d 19, 22, cert. den. 370 U.S. 957, 82 S.Ct. 1609, 8 L.Ed.2d 823; United States v. Miller, 2 Cir., 293 F.2d 697, 698; United States v. Sturm, 7 Cir., 180 F. 2d 413, 415, cert. den. 339 U.S. 986, 70 S.Ct. 1008. 94 L.Ed. 1388.