**William Eugene HOWELL, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 8333.**

United States Court of Appeals
Tenth Circuit.

Jan. 14, 1966.

Preston G. Gaddis, II, Oklahoma City, Okl. (Monty L. Bratcher, Oklahoma City, Okl., on the brief), for appellant.

James R. Ward, Topeka, Kan. (Newell A. George, U. S. Atty., and Guy L. Goodwin, Asst. U. S. Atty., on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

SETH, Circuit Judge.

Appellant moved pursuant to 28 U.S. C.A. § 2255 to vacate his sentence. His motion was denied without an evidentiary hearing and this appeal was then taken.

The central issue is whether or not the appellant's plea of guilty to a four count indictment for bank robbery was the result of promises, and particularly a promise of leniency made by an agent of the Federal Bureau of Investigation. It appears from the record that appellant has maintained from the beginning that he had been engaged as an informer for the FBI.

After having pleaded not guilty to all counts in the indictment at his arraignment, appellant made three subsequent changes of plea. The record further shows that the trial court was careful in determining each time whether the change of plea was the result of an exercise of appellant's free will.

An outline of the proceedings before the sentencing court is as follows: On

March 17, 1964, appellant was arraigned and entered a plea of not guilty. He was represented at that time by retained counsel who later withdrew. On April 21, the court appointed an attorney, and also noted in the record that appellant was asserting he gave help to the FBI. On June 23 he again appeared with his counsel and notified the court that he wished to change his plea to guilty. The court questioned appellant concerning the voluntariness of his change of plea before the new plea was accepted.[1] The court then stated the consequences of a guilty plea, and appellant affirmed that he was changing his plea after discussing the matter with his attorney. The pleas were then accepted as to each count of the indictment. On July 8, 1964, appellant moved to withdraw the plea of guilty and enter a plea of not guilty. The court granted the motion and ordered that a psychiatric examination be given appellant. After a series of tests and interviews, a qualified psychiatrist reported that the appellant was competent, had no illness which would impair his judgment or reasoning, and that he was able to aid in preparing his defense. Appellant then went to trial on October 7, 1964. After the Government had presented some of its case, appellant advised the court that he wanted to again change his plea to guilty. The court then reviewed with appellant the history of the changes of plea and the mental examination. Before a guilty plea was taken to the first count, the court further questioned the appellant.[2] A plea of guilty was then accepted to the first count. Before a plea was taken to the other three counts, appellant further affirmed in response to the court's questioning that he was making his plea free-ly and voluntarily, and not as the result of any threats or promises. Before the pleas were reviewed and accepted, the court again said: " * * * I want to be sure that you know that there are no promises or threats made, of any kind made, and you do this of your own free will." To this appellant replied: "I understand that."

 A plea secured by threats or promises to the accused may, of course, be collaterally attacked at any time by a motion under Section 2255. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473; Putnam v. United States, 337 F.2d 313 (10th Cir.); Luse v. United States, 326 F.2d 338 (10th Cir.). When such an issue is so presented to the court, the statute requires an evidentiary hearing unless the files and records conclusively show that the petitioner is not entitled to relief. The standards are set out in Putnam v. United States, supra; Luse v. United States, supra; Yates v. United States, 316 F.2d 718 (10th Cir.); Puckett v. United States, 314 F.2d 298 (10th Cir.), and in Burley v. United States, 295 F.2d 317 (10th Cir.).

 It is evident from the record before us that the trial court, with knowledge of appellant's asserted connection with the FBI, carefully and closely questioned appellant to determine in each instance whether appellant's change of plea was made freely and voluntarily, and so satisfied itself that it was. As outlined above, the court also ordered psychiatric testing of appellant after exercising its discretion to allow him to withdraw his first plea of guilty. The stated purpose of the examination was to determine

1. "The Court: Mr. Howell, were there any promises or threats made to you to obtain your change of plea in this matter?
"The Defendant: None whatsoever.
"The Court: Were there any promises made to you?
"The Defendant: None."

2. "The Court: * * * Now, I want to ask you again, Mr. Howell, have there been any promises or threats made to you to obtain your change of plea as to this count?
"The Defendant: None.
"The Court: You are doing so of your own free will?
"The Defendant: I am doing so of my own, yes.
"The Court: Free will.
"The Defendant: Free will."

whether appellant was capable of making considered decisions in this respect, and in aiding in his defense. The court received an answer from the psychiatrist that appellant was so capable. When the plea was again finally changed to guilty, the trial court made it clear to appellant that his pleas would not be accepted if they were not freely given. Before these guilty pleas were finally accepted, appellant made five separate unequivocal statements that his pleas were made freely and voluntarily and were not the result of any threats or promises. The record demonstrates that appellant's pleas were voluntarily entered without promises of any kind.

Thus the records and files show conclusively that the petitioner was entitled to no relief, and thus no hearing was necessary.

The denial of the motion without an evidentiary hearing by the trial court is affirmed.