William E. HOWELL, Petitioner,

v.

UNITED STATES of America, Respondent.

No. W–3604.

United States District Court
D. Kansas.

March 14, 1966.

Order Aug. 24, 1966.

William E. Howell, in pro. per.

Guy Goodwin, Asst. U. S. Atty., Wichita, Kan., for respondent.

## MEMORANDUM AND ORDER DENYING SUCCESSIVE MOTIONS (28 U.S.C. § 2255)

WESLEY E. BROWN, District Judge.

■ The court has received from petitioner a letter and what is denominated a "Motion to Vacate" signed by WILLIAM E. HOWELL. The motion does not comply in all respects to our local rules. For example, it does not state what sentence is being served; what court imposed the sentence and the like. The grounds on which the motion is based are adequately stated, however, and this court judicially notices the sentence being served by Howell; this court is not unfamiliar with the case.

The court judicially notices that petitioner is presently in the custody of respondent under or by color of the authority of the laws of the United States, and is serving a sentence in the federal prison, Atlanta, Georgia, following pleas of guilty before this court and this judge in case no. W–CR–521.

The current motion centers around a contention that petitioner was forced or compelled to be a witness against himself. Petitioner also contends that

(a) the government did not introduce sufficient competent evidence to "resolve" the court's jurisdiction to receive Howell's pleas of guilty

(b) petitioner's pleas of guilty create an unconstitutional barrier to the guarantees of the fourth, fifth and sixth amendments to the federal constitution

(c) certain statements of fact given by petitioner were not produced by the government

(d) there is also some indication that Howell claims he testified against himself in the case of United States v. Lomax, W–CR–518 and 534 (consolidated) [conviction affirmed by the circuit and later withdrawn pending a motion for rehearing after Lomax's death].

■ Howell's contentions are patently without merit. In the first place, he was not a witness against himself. He did not take the stand in W–CR–521; he pled guilty before the government had completed its case.

■ Second, while it is certainly true that a plea of guilty bars a trial by jury, a voluntary plea of guilty does not violate any constitutional rights or guarantees of which we are aware.

Third, no statements made by Howell were used against him; none were offered into evidence; none were introduced into evidence. Whether or not the government would have offered such statements is moot and immaterial at this time. Howell pled guilty before the prosecution had an opportunity to offer any such statements.

Fourth, no one forced Howell to testify in the Lomax trial. He could not possibly have been testifying against himself there because the Lomax trial *came after* Howell's pleas of guilty. And Howell there testified no promises had been made in return for his testimony.

Fifth, any lack of evidence—sufficient, competent or otherwise—produced by the prosecution was brought on by Howell himself when he pled guilty before the government completed its case.

The rather complex history of the various pleas made by Howell are outlined in our Memoranda in an earlier § 2255 motion: Howell v. United States, W–3384 (D.Kan.1965), aff'd, 355 F.2d 173 (10th Cir. 1966) (No. 8333. 14 Jan. 1966).

After the court had received the letter and motion above referenced, we received still another "motion" from Howell which is quite similar to his earlier one. This second "motion" will be consolidated with the earlier letter and motion for determination.

■ This most recent motion merely emphasizes or re-emphasizes points raised in the earlier pieces of correspondence. Howell emphasizes that there was incompetent evidence to sustain the trial court's jurisdiction because "probable cause" was established by "privileged statements." We have answered this contention above, but would add that attacks on an Indictment cannot be made by collateral proceedings after petitioner has voluntarily pled guilty to the Indictment. The voluntary pleas of guilty waive any prior defects which might exist. E. g., Harvey v. Cox, (10th Cir. 1966) (per curiam) (No. 8324. Jan. Term 1966); Brown v. Cox, 347 F.2d 936 (10th Cir. 1965) (per curiam).

Howell also emphasizes that he was a witness for the government in the Lomax trial [W–CR–158 and 534 consolidated] and should have been granted a privilege against self-incrimination. We have also answered this contention above. The Lomax trial came *after* Howell's voluntary pleas of guilty and thus his testimony could not possibly have been used against him.

■ Since the records and files of the case conclusively show that petitioner is entitled to no relief, no hearing need be held. See Howell v. United States, 355 F.2d 173, supra.

■ The court further concludes that Howell is not entitled to any relief under 28 U.S.C. § 2255 or to an order to show cause why relief should not be granted. We point out that we are not required to entertain successive motions for similar relief on behalf of the same prisoner.

It is ordered that the letter and both motions received be treated as a motion to vacate under 28 U.S.C. § 2255; the clerk shall assign the case an appropriate number and file the papers accordingly.

It is further ordered that on the court's own motion, leave to proceed without prepayment of fees is hereby granted, and the motion will be filed accordingly.

It is further ordered that the motion so filed be and it is hereby dismissed without prejudice. The clerk will enter judgment accordingly.

It is further ordered that copies of this Memorandum and Order be mailed to petitioner; to the Warden of the Atlanta federal prison as respondent; and to the office of the United States Attorney, Topeka, Kansas for information.

### MEMORANDUM AND ORDER

The court has received from William E. Howell a motion for an order that the transcript of the proceedings of the grand jury before which he was indicted be produced for his examination.

The grounds for his request are set down in a somewhat cryptic, unclear and confusing form. We shall set them out fully, however, to indicate as clearly as possible petitioner's demonstration of need for the transcript. Howell alleges that at the time of his arrest, he was a "material witness" in proceedings of an unspecified character before an unidentified federal agency, which we take to be the Federal Bureau of Investigation. The subject matter in which he was cooperating was also the concern of the grand jury which indicted him. He complains that the statements he gave in that capacity to federal authorities appear in the grand jury minutes over his signature, and that the substance of these statements was given at the trial in the

testimony of one Roy Trail and that these induced him to plead guilty.

Specifically, Howell alleges that while arrested on a misdemeanor charge in Salina, Kansas he was interrogated by city or state police concerning his cooperation with the F.B.I.: that he was not permitted to consult an attorney; that he entered into an "understanding" with his interrogators, whereby he gave signed statements concerning the federal matters, and agreed to testify to the facts therein, provided the statements were forwarded to the federal authorities. No promises of leniency or other benefits are alleged to be a part of this "understanding." We infer that these statements are these alleged to appear in the grand jury minutes and that the substance of Trail's testimony comes from them. Lastly, Howell claims that because of the use of this evidence before the grand jury and through Trail's testimony, he had no choice but to plead guilty. He also alleges material variances between the grand jury testimony and evidence offered at the trial.

A request for production of grand jury testimony has been most recently reviewed by the United States Supreme Court in Dennis et al. v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 895 (June 20, 1966). The Court there states that "disclosure, rather than suppression, of relevant materials ordinarily promotes the proper administration of criminal justice." The Court reiterates the requirement, however, that a "particularized need" be demonstrated, but this need may be determined by weighing the continued interest in secrecy and the persuasiveness of arguments advanced in favor of disclosure. Disclosure is wholly proper where the "ends of justice require it."

In the light of past proceedings, the grounds presently urged are conclusively without merit to justify production or disclosure. Broadly, the grounds are two: first, that his plea of guilty, though voluntarily and intelligently made, was induced by prior police misconduct and the existence of illegally obtained evidence, and second, that certain evidence illegally obtained was used against him in violation of his privilege against involuntary self-incrimination. The rather complex history of the various pleas and plea changes and the quality thereof made by Howell are described in our Memorandum on a § 2255 motion by Howell. See Howell v. United States, W–3384 (D.Kan.1965), aff'd, 355 F.2d 173 (10th Cir. 1966). Howell filed a subsequent motion to vacate which was denied by us in a "Memorandum and Order Denying Successive Motions," Howell v. United States, W–3604 (D. Kan. March 15, 1966).

We observed in the last-named Memorandum that no statements made by Howell were introduced into evidence against him for he changed his plea to guilty (the second time) before the prosecution had finished presenting its case. It does not appear whether Trail testified before Howell changed his plea of guilty. His plea, however, supersedes any evidence introduced so it cannot be said to have been used against him.

■ Notwithstanding this Howell alleges that he was induced to plead guilty by the fact that statements obtained from him during the Salina interrogation were offered before the grand jury, and at the trial in Trail's testimony. A reading of our Memorandum and the Tenth Circuit Opinion affirming it, supra, leaves no question as to the validity of the plea as a voluntary, intelligent and intentional admission of guilt. The findings therein foreclose any claim of involuntariness based on the subtle inducements alleged. See Brown v. Cox, 347 F.2d 936, 937 (10th Cir. 1965) (per curiam) and authorities therein. See also United States ex rel. Staples v. Pate, 332 F.2d 531 (7th Cir. 1964); Watts v. United States, 107 U.S.App.D.C. 367, 278 F.2d 247 (1960).

It is ordered that the motion lodged be filed in Case No. W–3604 together with this Memorandum and copies to be

forwarded to movant and the United States District Attorney for Kansas.

It is further ordered that the motion for production is denied. The Clerk will enter judgment accordingly.