**Dan Joseph REED, Petitioner-Appellant,**

v.

**C. Murray HENDERSON, Warden, Tennessee State Penitentiary, Respondent-Appellee.**

**No. 17765.**

United States Court of Appeals
Sixth Circuit.

Nov. 28, 1967.

John C. Tune, Jr., Nashville, Tenn., (Court-appointed), for appellant.

David W. McMackin, Asst. Atty. Gen., Nashville, Tenn., George F. McCanless, Atty. Gen., and Reporter, State of Tennessee, Nashville, Tenn., of counsel, for appellee.

Before EDWARDS and PECK, Circuit Judges, and CECIL, Senior Circuit Judge.

PECK, Circuit Judge.

Petitioner-appellant appeals from the dismissal of his habeas corpus petition by the District Court without evidentiary hearing. Prior to filing his petition with the District Court, appellant was given a full and fair hearing by the state courts of Tennessee, a transcribed copy of which was before the district judge. The decision of the state judge before whom the hearing was conducted dismissing the petition was affirmed by the Supreme Court of Tennessee, Tenn., 403 S.W.2d 310 (1966).

Subsequent to appellant's arrest on March 12, 1963, four indictments charging appellant with armed robbery (and two indictments for cases with which we are not here concerned) were returned by a state grand jury. On May 19, 1964, appellant, represented by Mr. G. Edward Drapper, an Assistant Public Defender, was convicted of three of the armed robbery cases upon his plea of guilty, a nolle prosequi being entered in the fourth.

■■■ Court appointed counsel representing appellant before this court frankly concedes that habeas corpus relief cannot be based upon many of the allegations raised below, a conclusion with which we agree. Counsel does contend, however, that appellant was held virtually incommunicado for two days following his arrest, during which time appellant was questioned by the Memphis police without having been advised of his right to counsel. It thus appears that appel-

lant is belatedly arguing that the rule of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), should be applied retroactively to this case, an approach which is foreclosed by Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Further, *Miranda* is clearly inapposite here since it dealt with the "admissibility of statements" obtained from an individual subjected to custodial police interrogation. Upon pleading guilty, appellant admitted all facts alleged and waived all non-jurisdictional defects. United States ex rel. Boucher v. Reincke, 341 F.2d 977 (2d Cir. 1965); Gray v. Johnson, 354 F.2d 986 (6th Cir. 1965), cert. denied, 383 U.S. 961, 86 S.Ct. 1232, 16 L.Ed.2d 304 (1966). Conviction and sentence following a plea of guilty are based entirely upon the plea and not upon any evidence which may have been improperly acquired by the prosecuting authorities. United States ex rel. Boucher v. Reincke, supra; Gawantka v. United States, 327 F.2d 129 (3rd Cir.), cert. denied, 377 U.S. 969, 84 S.Ct. 1650, 12 L. Ed.2d 738 (1964).

■■ Appellant apparently attempts to circumvent the waiver attending the plea of guilty by claiming that the plea was involuntary in that it was the product of, or induced by, certain coerced admissions which had been obtained from him by the police. That this may be a ground for habeas corpus relief appears to be well settled. (See Commonwealth of Pa. ex rel. Herman v. Claudy, 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126 (1956); Johnson v. Wilson, 371 F.2d 911 (9th Cir. 1967); Jones v. Cunningham, 297 F.2d 851 (4th Cir. 1962); United States ex rel. Staples v. Pate, 332 F.2d 531 (7th Cir. 1964); Bell v. State of Alabama, 367 F.2d 243 (5th Cir. 1966), cert. denied, 386 U.S. 916, 87 S.Ct. 859, 17 L.Ed.2d 788 (1967). See also United States ex rel. Vaughn v. LaValle, 318 F.2d 499 (2nd Cir. 1963), language in which was disavowed in United States ex rel. Glenn v. McMann, 349 F.2d 1018 (2nd Cir. 1965), cert. denied, 383 U.S. 915, 86 S.Ct. 906, 15 L.Ed.2d 669 (1966), to the extent it

was not in accord with the principle that a voluntary plea of guilty entered on advice of counsel is a waiver of all non-jurisdictional defects in prior proceedings.) However, this argument is advanced here for the first time.[1] Because this argument was not made below, it would only be a proper consideration here to prevent a manifest miscarriage of justice. From the present record, we cannot say that the said confessions were the "involuntary end product of coercive influences," Davis v. State of North Carolina, 384 U.S. 737, 752, 86 S.Ct. 1761, 1770, 16 L.Ed.2d 895 (1966), nor that appellant's conviction constituted a miscarriage of justice.

■ Assuming that appellant had alleged and proved that his confessions had been coerced, and were therefore constitutionally inadmissible, appellant nevertheless could not prevail since the record establishes that his pleas were in fact voluntary. Appellant was represented by competent counsel at the time he entered his pleas of guilty, a factor which strongly militates against the conclusion that the plea was involuntary (Busby v. Holman, 356 F.2d 75 (5th Cir. 1966); United States ex rel. Staples v. Pate, supra, 332 F.2d 531; Gawantka v. United States, supra, 327 F.2d 129. See also Commonwealth of Pa. ex rel. Herman v. Claudy, supra, 350 U.S. at 122, 76 S. Ct. at 226;[2] United States ex rel. Glenn v. McMann, supra, 349 F.2d 1018.) and appellant's pleas were in accord with counsel's recommendation. Appellant now claims that he was forced to plead guilty "under the circumstances" confronting him at that time. In this regard, appellant testified that because his attorney "just quit," he had no choice but to plead guilty: "I couldn't win a case in a Court Room without an attorney to fight for me." Also, appellant claimed that his mother, who had conferred with Mr. Drapper, influenced him to plead guilty. The Tennessee court which held the hearing found that appellant's charges that he had been inadequately represented by counsel and thus had been made to plead guilty against his wishes were without merit; these findings have been upheld by the Tennessee Supreme Court and the District Court below, and are not challenged here. Indeed, there is testimony by appellant that the final decision to plead guilty was his; that Mr. Drapper visited him and conferred with him on several occasions; that Mr. Drapper explained his right to either plead guilty or not guilty; and that Mr. Drapper explained the possible sentences that could be imposed for the offense of armed robbery.

Appellant further testified that he knew he had a right to a jury trial; that prior to his conviction he understood what sentence was going to be recommended to the jury; and that at no time had he indicated to either his attorney or the judge that he was dissatisfied with his plea or wished to change it. Finally,

---

1. In the petition filed with the District Court, appellant does not mention having made a confession, much less allege that it was coerced. Although the facts developed at the hearing showed that the police did obtain an oral statement reduced to writing, which appellant refused to sign, and two signed statements in which appellant said that he refused to make a statement because of possible self-incrimination, the petition filed with the state court undoubtedly failed to mention the admissions since Judge Preston remarked at the beginning of the hearing: "[T]hat's just like saying police brutality, I see here he claims he was beat up, I don't think that he confessed. And if there was no confession why all that's trying to do is raise some prejudice. * * *"

Even after these remarks, while appellant was on the stand and being questioned by his counsel, no mention was made of any prior admissions. Perhaps such circumstances led the Supreme Court of Tennessee to erroneously state: "No confession or admission was ever elicited from petitioner during this period [when he was being questioned by the police]." 403 S.W.2d at 313. It is thus clear that the issue of the alleged coerced confession has never been raised by appellant in any of the earlier proceedings.

2. "It is entirely possible that petitioner's prior confession caused him, *in the absence of counsel*, to enter the guilty plea." (Emphasis added.)

appellant received a lighter sentence than did his co-defendants who were tried, convicted and sentenced by a jury prior to appellant's trial. To reiterate, the record in the instant case establishes that appellant was represented by competent counsel, and that appellant's pleas of guilty were made voluntarily with full understanding of the consequences.

Affirmed.