DONALD MONROE WEAVER, Plaintiff in Error, v.
STATE OF TENNESSEE, Defendant in Error.
—472 S.W.2d 898.

September 2, 1971.

Certiorari Denied by Supreme Court November 15, 1971.

436

Robert M. Stivers, Jr., Knoxville, for plaintiff in error.

David M. Pack, Attorney General, Lance D. Evans, Assistant Attorney General, Nashville, Ronald A. Webster, District Attorney General, John W. Gill, Jr., Ralph E. Harwell, Assistant District Attorneys General, Knoxville, for defendant in error.

MITCHELL, J. Donald Monroe Weaver, the petitioner represented by privately retained counsel, on July 27, 1970 pleaded guilty of forgery of a check under $100.00 in one case and receiving and concealing stolen property in excess of $100.00 value, in another case, in

the Criminal Court of Knox County, Tennessee before Honorable Joe D. Duncan Judge presiding.

The defendant and his counsel negotiated a settlement of the two cases in which it was agreed that upon the petitioner's plea of guilty of receiving stolen property of a value of over $100.00 in case no. 3555 the punishment would be not less than three or more than ten years in the State Penitentiary. In case no. 3568 it was agreed by the petitioner that upon his plea of guilty of forgery of a check of a value not exceeding $100.00 the sentence would be not less than one nor more than five years in the penitentiary and the sentences were to be served consecutively. It was agreed that in case no. 3555 the habitual criminal count was to be nolled.

It was also agreed by the petitioner and his retained counsel that a jury trial would be waived and that the trial judge might hear the case and fix the punishment upon a stipulation of the facts, which was to the effect that the District Attorney General would state to the court the testimony that the State witnesses would give if called and sworn, and that upon that stipulation as to the facts the trial judge could impose the punishment without the intervention of a jury and without the actual presence and giving of testimony by the witnesses.

The Trial Judge Honorable Joe D. Duncan, then in open court addressed the petitioner and explained to him the presumption of innocence, his right to plead not guilty and have a jury trial and to require the State to prove his guilt beyond a reasonable doubt, and his right to testify in his own behalf, if he desired to do so, and to compel the attendance of any witnesses he desired in

his own behalf and his right to appeal. The court also particularly inquired of the petitioner whether he had been coerced or forced to plead guilty and whether his decision to plead guilty was of his own free will and desire. That the cases would be tried separately if he so desired.

The petitioner in open court told the Trial Judge he understood his rights and that he was taking this action of his own free will. That no one was mistreating him in any way or forcing him to do this. The Trial Judge found the petitioner's plea of guilty was voluntary and that he understood the effect of it and expressly waived a jury trial and signed a waiver form and signed a plea of guilty form and agreed that the evidence might be stated to the court by the District Attorney, without having the witnesses testify.

Upon the petitioner's plea of guilty and upon the stipulated evidence the Trial Judge found the defendant guilty of receiving stolen property of a value exceeding $100.00, and imposed a sentence of not less than three nor more than ten years in the penitentiary, and found him guilty of forgery of a check not exceeding $100.00 in value he imposed a sentence of not less than one nor more than five years in the penitentiary to be served after the expiration of the sentence imposed for concealing stolen property. It was ordered that the petitioner have credit for time served in jail.

On December 21, 1970 the petitioner filed a petition for Post Conviction Relief in which he alleged that his pleas of guilty were not voluntarily and understandingly made but were coerced and that he was not advised of the

consequences of his pleas of guilty, that he was threatened by a habitual criminal prosecution and that his constitutional rights were violated.

January 8, 1971, Judge Richard R. Ford appointed counsel for the petitioner allowed time to file amendments and directed the District Attorney to file an answer.

The District Attorney on February 5, and February 18, 1971 filed answers to the petition and amendment.

In his petition and amended petition Weaver alleged that he was convicted on the uncorroborated testimony of accomplices. That he was denied competent counsel because his counsel was under indictment in the Federal Court, and that his counsel failed to move for a change of venue. That his mother-in-law was secretary of the Special Prosecutor Hal H. Clements who was allowed excessive powers in procuring the indictments and that he was denied a fair trial. That he was denied counsel at the preliminary hearing. That he was denied a copy of the indictment.

The answer of the District Attorney denied the allegations in the petition.

The trial judge Honorable Richard R. Ford on February 22, 1971 dismissed the petition without an evidentiary hearing from which the petitioner appealed.

■ The question to be decided is did the Trial Court err in dismissing the petition without an evidentiary hearing.

We are of the opinion that the petition was competently drafted and that all the pleadings, files and records are before the court and conclusively show the petitioner is entitled to no relief, and that the Trial Court properly dismissed the petition.

In State ex rel. Barnes v. Henderson, 220 Tenn. 719, 423 S.W.2d 497, the Court said that:

"It is recognized in this State, as in all jurisdictions, that a plea of guilty must be made voluntarily and with full understanding of its consequences. In Brooks v. State, 187 Tenn. 67, 72, 213 S.W.2d 7, 9 (1945), we said:

'A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury, it is conclusive. More is not required; the court has nothing to do but give judgment and sentence. Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice with full understanding of the consequences.'

"The general rule is to the same effect:

'In general, a plea of guilty in a criminal case is not and does not create evidence; but it does dispense with evidence. Thus it is the general rule that it is not required in order to proceed to judgment, that the government produce evidence of guilt or of the crime, or of the essential facts or elements thereof. Accordingly, accused, after pleading guilty, ordinarily cannot raise the issue of the sufficiency of the evidence.' 22 C.J.S. Criminal Law sec. 324(4).'

■ Thus it is that testimony of witnesses is not necessary to a valid judgment in a criminal case where the defendant has entered a voluntary knowledgeable plea of guilty.

■ Petitioner contends he was denied effective assistance of counsel because at the time of the entry of the guilty pleas his retained counsel was under indictment by the Federal Grand Jury and was unable to effectively and adequately prepare and counsel with petitioner because of this governmental action.

There is no allegation in the petition to show how this accusation by the Federal Grand Jury prevented his retained counsel from rendering competent and effective counsel.

The transcript of the hearing which Judge Joe D. Duncan held on the investigation concerning the entry of the guilty pleas shows that petitioner's retained counsel was present and acting in the petitioners behalf and was so recognized by Judge Duncan and that he conferred with the District Attorney General about pleas of guilty, and that the habitual criminal count was nolled.

No authority is cited in support of this contention and we know of none.

Here the petitioner was represented by privately retained counsel of his own choice. In State ex rel. Johnson v. Herr, 219 Tenn. 604, 412 S.W.2d 218, the Court said:

"It is undisputed that plaintiff in error's able and privately retained counsel did not perfect an appeal in the prior criminal trial; also, that plaintiff in error

was not advised by his counsel of his right to an appeal, nor consulted in the decision not to appeal. This case is determined in principle by the opinion of this Court in the case of State ex rel. Dych v. Bomar (1964) 213 Tenn. 699, 378 S.W.2d 722. In that case it is pointed out that, in order for the defendant's rights under the Fourteenth Amendment to come into play, there must be some action on the part of the State that deprives him of due process of law and/or equal protection of the law. When a defendant is represented by privately retained counsel, no such State action is present, and the failure of the privately retained counsel to perfect an appeal on behalf of the defendant is attributable, not to the State, but to the defendant.''

''Since plaintiff in error was represented by privately retained counsel (three well-known attorneys), their decision not to appeal plaintiff in error's case and their failure to advise him of the same and to consult him, in no way constitutes state action. It inescapably follows, as in the case of State ex rel. Dych v. Bomar, *supra*, there is no state action in the instant case. It is recognized by all Courts that such is essential to the successful invocation of defendant's rights under the Fourteenth Amendment to the United States Constitution. The Federal Courts are not in disagreement. See Davis v. Bomar (C.C.A. 6th 1965) 344 F.2d 84, wherein it is said:

'When counsel is retained by a defendant to represent him in a criminal case he acts in no sense as an officer of the state. For while he is an officer of the court his allegiance is to his client whose interests are ordinarily diametrically opposed to those of the state.

It necessarily follows that any lack of skill or incompetency of counsel must in these circumstances be imputed to the defendant who employed him rather than to the state, the acts of counsel thus becoming those of his client and as such so recognized and accepted by the court unless the defendant repudiates them by making known to the court at the time his objection to or lack of concurrence in them. A defendant cannot seemingly acquiesce in his counsel's defense of him or his lack of it and, after the trial has resulted adversely, have the judgment set aside because of the alleged incompetence, negligence or lack of skill of that counsel.'

■ State action is not involved when effectiveness of a retained attorney is questioned, because retained counsel does not act as an officer of the state. State ex rel Richmond v. Henderson, 222 Tenn. 597, 439 S.W.2d 263.

■ Incompetency of counsel such as to be denial of due process and of effective representation by counsel must be such as to make the trial a farce, sham or mockery of justice. State ex rel. Richmond v. Henderson, *supra*.

■ The other questions, concerning venue, denial of counsel at a preliminary hearing, lack of corroboration of accomplices, denying petitioner a copy of the indictment, improper influence of special prosecutor upon the finding of the indictment, raised in the petition and amended petition, are all waived by a voluntary knowledgeable plea of guilty.

We held in State ex rel. George v. Henderson (Tenn. Cr.App.) 432 S.W.2d 492 that:

"Upon pleading guilty, the petitioner admitted all facts alleged and waived all non-jurisdictional defects, if any. Reed v. Henderson (6th Cir., 1967) 385 F.2d 995. A voluntary plea of guilty constitutes a waiver of non-jurisdictional defenses and alleged prior violations of the accused's constitutional rights. McCord and Anglin v. Henderson. (6th Cir., 1967) 384 F.2d 135."

In Floyd v. State, Tenn.Cr.App., 453 S.W.2d 418, the Court said:

"A writ of habeas corpus or post conviction relief is not available to test the sufficiency of evidence at the original trial. The insufficiency of evidence and the incompetency of witnesses are not matters which are reviewable by post conviction proceedings. 39 C.J.S. Habeas Corpus sec. 29 (j); Fernandez v. Klinger, 9 Cir., 346 F.2d 210. cert. denied 382 U.S. 895, 86 S.Ct. 191, 15 L.Ed.2d 152."

A fair and impartial trial judge zealously protected the rights of the accused, particularly inquired in open court of the accused and his lawyer about the pleas of guilty whether voluntary or otherwise, and took every precaution to ascertain the accused fully understood the effect of his pleas of guilty. Only after the Court had become convinced that the pleas were intelligently, voluntarily and knowledgeably made did he accept them.

There can be no doubt about the guilt of the petitioner of concealing stolen property and forgery in the two original criminal cases and it has been conclusively shown that he, while represented by privately retained counsel, did in writing enter voluntary knowledgeable pleas of guilty.

The judgment is affirmed.

Dwyer, J., concurs.

Galbreath, J., did not participate in the results. The judgment is affirmed in accordance with T.C.A. 16-447.