IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 26, 2005

## STEVE G. HUTTON v. STATE OF TENNESSEE,
## GLEN TURNER, WARDEN

**Appeal from the Circuit Court for Lawrence County**
**No. 24968   Robert L. Jones, Judge**

**No. M2005-00585-CCA-R3-HC - Filed December 16, 2005**

Over a span of several years, the Petitioner, Steve G. Hutton, was convicted of eight counts of passing worthless checks, one count of theft, one count of forgery, one additional count of passing a worthless check, and one count of reckless endangerment. The Petitioner filed a petition for a writ of habeas corpus, alleging that his continued confinement is illegal. The trial court dismissed the petition, and we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JAMES CURWOOD WITT, JR., JJ., joined.

Steve G. Hutton, pro se, Whittenville, Tennessee.

Paul G. Summers, Attorney General and Reporter, Brent C. Cherry, Assistant Attorney General, for the Appellee, State of Tennessee.

### OPINION
### I.  Facts and Procedural History

On January 4, 2000, the Petitioner pled guilty to eight counts of passing worthless checks and was sentenced to an effective sentence of four years, to be served in the community corrections program. On April 9, 2001, the Petitioner completed the community corrections program, and he was placed on probation.

On January 31, 2002, the Petitioner pled guilty to one count of theft and one count of forgery, and he was sentenced to an effective sentence of six years in community corrections, to be served consecutively to the sentence he was serving for passing worthless checks. Also, on January 31, 2002, the Petitioner's probation was revoked and he was again placed in community corrections for

his passing worthless checks convictions.

On October 15, 2002, the Petitioner pled guilty to one count of passing a worthless check and was sentenced to four years to be served in community corrections, concurrently with his other sentences.

On June 3, 2003, the Petitioner pled nolo contendere to one count of reckless endangerment and was sentenced to two years to be served consecutively to his earlier sentences. Also, on June 3, 2003, the Petitioner was removed from community corrections and ordered to serve his remaining sentences in the Tennessee Department of Correction.

On February 2, 2004, an amended revocation order was executed, evincing that the Petitioner had been revoked from community corrections and was to serve out his sentence in the Tennessee Department of Correction.

On December 21, 2004, the Petitioner filed his Petition for Writ of Habeas Corpus, which was dismissed by the trial court. It is from that judgment that the Petitioner now appeals.

## II. Analysis

In his petition for writ of habeas corpus, the Petitioner asserts that his continued confinement is illegal because: (1) on October 15, 2002, his probation was revoked without a hearing, and he was transferred to Community Corrections; (2) on June 3, 2003, his sentence to Community Corrections was revoked without a hearing, and he was ordered to serve out his sentence in the Tennessee Department of Correction; (3) his guilty pleas are void due to the trial court's failure to advise him of his right to a revocation hearing; (4) the trial court sentenced him to ten years when he had agreed to a sentence of eight years under his plea agreement; (5) the trial court of Lawrence County had no jurisdiction over the crimes he committed in Davidson County; (6) when the trial court ordered restitution, it failed to specify the amount to be paid; (7) his sentences are void, because they simultaneously sentence him to the Tennessee Department of Correction and the Community Corrections program; and (8) the amended judgement of February 2, 2004, fails to reflect the amount of jail and community corrections credits he should receive, and therefore "extend" his sentence.

When reviewing a petition for habeas corpus relief, the determination of whether relief should be granted is a question of law. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). Accordingly, our review is de novo with no presumption of correctness given to the findings of the court below. Id. The grounds upon which a writ of habeas corpus may be issued are very narrow. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears from the face of the judgment or record that either the convicting court was without jurisdiction to convict or sentence the petitioner, or the petitioner's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).

The Petitioner's first contention is that he was removed from probation and transferred to community corrections without a hearing, and subsequently removed from community corrections to serve out his sentence in the Tennessee Department of Correction without a hearing. However, unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. State ex rel. Newsome v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992); State ex rel. Holbrook v. Bomar, 364 S.W.2d 887, 888 (Tenn. 1963). We discern nothing in the record that would render the judgment void on its face, thus, the Petitioner is not entitled to habeas corpus relief based upon this contention.

The Petitioner's second contention is that his judgments are void because he was not advised of his right to a revocation hearing. This is not a proper claim for habeas corpus relief because, even if the claim was true, the allegation would merely render the judgments voidable, not void. See Keith Hatfield v. David H. Mills, Warden, No.W2004-01566-CCA-R3-HC, 2004 WL 2848372, at *1 (Tenn. Crim. App., at Jackson, Dec. 10, 2004) *no Tenn. R. App. P. 11 application filed.*

The Petitioner's third assertion is that the ten-year sentence imposed by the trial court for forgery, theft, worthless check, and fraud, on February 2, 2004, is void, because he entered a guilty plea pursuant to an agreement that he would receive an eight year sentence. Again, as noted above, a writ of habeas corpus is available only when it appears from the face of the judgment or record that either the convicting court was without jurisdiction to convict or sentence the petitioner, or the petitioner's sentence has expired. Archer, 851 S.W.2d at 164; Potts, 833 S.W.2d at 62. In this instance, the Petitioner has failed to assert any jurisdictional violation, and he has not asserted that the sentence has expired, therefore, we see no grounds for relief.

The Petitioner's fourth contention is that his convictions for forgery, worthless check, theft, and fraud are void, because he was tried in Lawrence County, but the crimes took place in Davidson County, thus the Lawrence County court lacked jurisdiction. Although venue is a jurisdictional matter, this Court has previously held that the issue is waived, if it is raised for the first time on appeal. See State v. Turner, 919 S.W.2d 346 (Tenn. Crim. App. 1995). Furthermore, this Court has held that:

> Once a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights occurring prior to the entry of the guilty plea. State v. Hodges, 815 S.W.2d 151, 153 (Tenn. 1991). We believe that a criminal defendant waives his right to challenge venue upon pleading guilty. Recor v. State, 489 S.W.2d 64, 69 (Tenn. Crim. App. 1972); Weaver v. State, 4 Tenn. Crim. App. 435, 472 S.W.2d 898, 902 (1971).

Ellis v. Carlton, 986 S.W.2d 600, 602 (Tenn. Crim. App. 1998). Thus, we conclude that the Petitioner's guilty plea served to waive any claim he may have had to a jurisdictional deficiency. Therefore, even if one or more of the Petitioner's crimes actually took place outside of Lawrence

County, the Lawrence County Circuit Court had jurisdiction to convict the Defendant upon his pleas of guilty.

The Petitioner's fifth contention is that the judgments of January 4, 2000, and October 15, 2002, ordering restitution, are void because they do not state a specific amount to be paid. Even if the amount of restitution owed is not discernable from the record, this argument is not properly before the Court. Tennessee Code Annotated section 29-21-101 (2000) provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, . . . may prosecute a writ of habeas corpus . . . ." The Tennessee Supreme Court has held that "a person is not 'restrained of liberty' for purposes of the habeas corpus statute unless the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement." Hickman v. State, 153 S.W.3d 16, 23 (Tenn. 2004). In Hickman, the court explained that "when the restraint on a petitioner's liberty is merely a collateral consequence of the challenged judgment, habeas corpus is not an appropriate avenue for seeking relief." Id. Because, in this case, the Petitioner's claims regard monetary restitution, and not a restraint of liberty, the Petitioner's claims regarding restitution are not proper grounds for habeas corpus relief. See Tenn. Code Ann. § 29-21-101; Hickman, 153 S.W.3d at 23.

The Petitioner's sixth claim is that the judgments of January 4, 2000, January 31, 2002, and October 15, 2002, are illegal because they reflect simultaneous sentences of different forms. We note that the judgment forms for these offenses do in fact reveal that the boxes for "TDOC" and "Community Based Alternative" were each marked, however, this alone is not enough to render the judgments void. A writ of habeas corpus is available only when it appears from the face of the judgment or record that either the convicting court was without jurisdiction to convict or sentence the petitioner, or the petitioner's sentence has expired. Archer, 851 S.W.2d at 164; Potts, 833 S.W.2d at 62. In this case, the clerical error is neither a jurisdictional defect, nor is it evidence of an expired sentence, thus, we hold that the Petitioner is not entitled to relief on this issue.

Finally, the Petitioner contends that his right to due process was violated when the Lawrence County trial court failed to state the amount of jail and community corrections credit to be applied to his amended revocation order issued on February 2, 2004. While the trial court's order does not specify the amount of time to be applied to the amended revocation order, habeas corpus relief is not available to a petitioner claiming a deficiency in the calculation of sentence credits. Michael K. Kennedy v. State, No. M2003-02059-CCA-R3-HC, 2004 WL 2599490, at *2 (Tenn. Crim. App., at Nashville, Nov. 12, 2004), *no Tenn. R. App. P. 11 application filed*; Hancock v. State, No. 01C01-9710-CR-00489, 1998 WL 453682, at *1 (Tenn. Crim. App., at Nashville, July 30, 1998), *perm. to appeal denied* (Tenn. Feb. 16, 1999); see also, State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986). Even if the Petitioner's claim of sentence reduction miscalculation had merit, an habeas corpus proceeding would not be appropriate because "complaints regarding sentence credit miscalculations that relate to release eligibility short of full service of the sentence do not warrant habeas corpus relief." Id. Accordingly, the Petitioner is not entitled to relief on this issue.

## III. Conclusion

In accordance with the foregoing authorities and reasoning, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE