# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### NOVEMBER 1998 SESSION

FILED

December 30 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| SHONE KING, | ) | NO. 01C01-9709-CR-00408 |
| Appellant, | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. J. RANDALL WYATT, JR, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**FOR THE APPELLANT:**

**SAM E. WALLACE, JR.**
227 Second Avenue North
Second Floor
Nashville, TN 37201

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**LISA A. NAYLOR**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**VICTOR S. JOHNSON III**
District Attorney General

**NICHOLAS D. BAILEY**
**D. PAUL DeWITT**
Asst. District Attorneys General
Washington Square, Suite 500
222 Second Avenue South
Nashville, TN 37201-1649

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

The petitioner, Shone King, appeals the trial court's denial of post-conviction relief. Petitioner is currently serving an effective sentence of ninety-nine (99) years following his conviction by a Davidson County jury for three (3) counts of aggravated rape and one (1) count each of aggravated burglary, aggravated robbery, and aggravated assault. The petitioner filed for post-conviction relief alleging ineffective assistance of counsel. After a hearing, the trial court dismissed the petition. After a review of the record, we AFFIRM the judgment of the trial court.

## PROCEDURAL HISTORY

Petitioner was convicted in June 1993, by a Davidson County jury of three (3) counts of aggravated rape and one (1) count each of aggravated burglary, aggravated robbery, and aggravated assault. He was sentenced as a Range I, standard offender, to consecutive sentences of twenty-five (25) years for each of the aggravated rape convictions, six (6) years for aggravated burglary, twelve (12) years for aggravated robbery, and six (6) years for aggravated assault, for an effective sentence of ninety-nine years.

This Court affirmed the petitioner's convictions and sentences. State v. Gregory Lamont Turner, Shone D. King, Larry E. Davis, and David Clark, C.C.A. No. 01C01-9402-CR-00068, Davidson County (Tenn. Crim. App. filed November 15, 1995, at Nashville). The Tennessee Supreme Court subsequently denied permission to appeal on May 6, 1996.

The petitioner, with the aid of counsel, timely filed the instant petition alleging ineffective assistance of trial counsel. After a hearing, the trial court issued a written order dismissing the petition. The petitioner filed a timely notice

of appeal.

## **INEFFECTIVE ASSISTANCE OF COUNSEL**

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 341 (Tenn. Crim. App. 1995). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997); Dixon v. State, 934 S.W.2d 69, 72 (Tenn. Crim. App. 1996). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. Henley v. State, 960 S.W.2d at 578-79; Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996); Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d at 899. Decisions based upon trial strategy are generally not subject to post-conviction challenge. See Goad v. State, 938 S.W.2d at 369; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

## 1. Counsel Under Federal Indictment

The petitioner contends he was prejudiced by the fact that his attorney was under a federal indictment for fraud during the trial of this case. He contends he only learned of his attorney's indictment during his trial and was effectively prevented from seeking new counsel.

Both the petitioner and trial counsel recalled an in-chambers conference regarding trial counsel's indictment. The petitioner indicated no dissatisfaction with trial counsel's representation at that time and advised the court he wanted counsel to continue his representation. Further, the petitioner chose to employ counsel to represent him on direct appeal.

The mere fact that trial counsel had a pending federal charge does not *per se* indicate ineffective assistance of counsel. *See* Weaver v. State, 472 S.W.2d 898, 901 (Tenn. Crim. App. 1971). The post-conviction court found no deficiency with trial counsel in this regard and no prejudice to petitioner. The evidence does not preponderate against these findings.

This issue is without merit.

## 2. Petitioner Testifying

The petitioner claims he was denied effective assistance of counsel by his attorney's preventing him from testifying in his own defense. Petitioner testified at the post-conviction hearing that he informed trial counsel that he wanted to testify at trial, but trial counsel would not allow it.

Counsel testified that he never had blanket prohibitions against a defendant testifying. Counsel refuted petitioner's claim that counsel did not

4

advise petitioner of his right to testify. Counsel testified it was his practice to wait until the appropriate time during the trial, explain to his client the benefits and risks of testifying, and then make a recommendation to the client.

The trial court found petitioner's trial counsel not only informed petitioner of his right to testify, but wisely advised against it. Further, the post-conviction court did not find petitioner's testimony in this regard to be credible.

The evidence does not preponderate against the findings of the trial court. Thus, this issue is without merit.

### 3. DNA Evidence

The petitioner finally alleges trial counsel was ineffective for relying too strongly on the lack of DNA evidence.

Petitioner is actually attacking counsel's strategy pursued at trial. Counsel testified he pursued two lines of defense: 1) that the DNA evidence did not match the petitioner; and 2) the victim incorrectly identified the petitioner as one of the perpetrators of the rape. The defense theory was consistent with petitioner's pre-trial insistence that he was not in the victim's residence.

The trial court found counsel's selection of trial strategy was an informed and reasoned decision based upon his years of experience as a criminal defense attorney. The trial court found no reason to second guess counsel's strategy, nor do we. *See* Goad, 938 S.W.2d at 369.

We also note petitioner has failed to establish any prejudice. Specifically, petitioner has not shown what trial counsel could have done to affect the outcome of the trial. The victim's in-court identification of the petitioner as one of

5

the rape perpetrators was devastating. There has been no showing as to what trial counsel could have done to impeach this testimony.

This issue is without merit.

## CONCLUSION

The trial court examined the assistance rendered the petitioner by trial counsel and found it exceeded the level mandated by Strickland v. Washington, *supra.* In what was essentially a swearing contest, the trial court found counsel's testimony more credible than that of the petitioner. The trial judge was in a much better position to determine the credibility of the witnesses, and we yield to his determination in that regard. Further, petitioner has failed to demonstrate that he was prejudiced as a result of counsel's performance.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**PAUL G. SUMMERS, JUDGE**

_____
**L.T. LAFFERTY, SENIOR JUDGE**

6