## STATE OF TENNESSEE ex rel. THOMAS B. TURNER, Petitioner, v. C. MURRAY HENDERSON, Warden, Respondent.

Court of Criminal Appeals of Tennessee. Aug. 11, 1969.

Certiorari Denied by Supreme Court Dec. 1, 1969.

See also Tenn.Cr.App., 447 S.W.2d 876.

Hugh W. Stanton, Jr., Memphis, for petitioner.

George F. McCanless, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, Leonard T. Lafferty, Asst. Dist. Atty. Gen., Memphis, for respondent.

## OPINION

WALKER, Presiding Judge.

Thomas B. Turner, the petitioner below, appeals from the dismissal of his habeas corpus petition after an evidentiary hearing.

With retained counsel, on January 18, 1960, he entered a plea of guilty to murder in the first degree of his former wife and was sentenced to seventy-five years in the penitentiary. This is his second petition for habeas corpus in the State courts; he has also filed a petition in the federal courts. His petition says that his first application was based on insanity at the time of his trial; that it was denied in the State courts and is pending in the federal court of appeals.

He says that the procedure violated his constitutional rights in that no evidence was submitted to the jury as required by T.C.A. Secs. 40-2310 and 39-2404.

The proof showed that his attorneys, at his request, negotiated with the assistant district attorney general and he voluntarily agreed to enter a plea of guilty to murder in the first degree with seventy-five years' sentence.

After he entered his plea of guilty, the daughter of the deceased testified before the jury about the facts of the homicide and a medical witness testified as to the cause of death. The agreement was explained to the jury and it found that the petitioner was guilty of murder in the first degree and fixed his sentence at the punishment recommended to it. The court did not instruct on second degree murder.

In this case, evidence was submitted to the jury.

Furthermore, the right to evidence under T.C.A. 40-2310 on a plea of guilty is not a constitutional one but is statutory only and may be waived. It is waived when a defendant, on advice of counsel, enters a voluntary and knowledgeable plea of guilty and allows a judgment to become final. State ex rel. Edmondson v. Henderson, 220 Tenn. 605, 421 S.W.2d 635; State ex rel. Barnes v. Henderson, 220 Tenn. 719, 423 S.W.2d 497.

The same principles apply to procedure under T.C.A. Sec. 39-2404:

"39-2404. Jury to ascertain degree.—The jury before whom the offender is tried, shall ascertain in their verdict whether it is murder in the first or second degree; and if the accused confess his guilt, the court shall proceed to determine the degree of crime by the verdict of a jury, upon the examination of testimony, and give sentence accordingly."

When the petitioner entered a plea of guilty to murder in the first degree, his right to jury instructions on second degree murder is at most a statutory one and does not rise to constitutional stature. It is clearly waivable and was waived here when the petitioner and his counsel participated and acquiesced in the procedural method at his trial.

Judge GALBREATH did not participate in the decision of this case.

This case was heard and submitted to the Court prior to the enactment of Chapter 330 of the Public Acts of 1969 increasing the membership of the Court.

The judgment of the lower court is affirmed.

OLIVER, J., concurs.