JERRY DWIGHT TROLINGER, Appellant, v. LAKE F. RUSSELL, Warden, Appellee.

Court of Criminal Appeals of Tennessee. Aug. 25, 1969.

Certiorari Denied by Supreme Court Nov. 3, 1969.

James M. Davis, Morristown, for appellant.

George F. McCanless, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Heiskell H. Winstead, Dist. Atty. Gen., Rogersville, for appellee.

## OPINION

RUSSELL, Judge.

In 1965 Trolinger was charged by indictment in the Criminal Court of Hamblen County with robbery from the person in one case, burglary and larceny in another, and grand larceny in a third. He was represented by distinguished employed counsel. An agreement was reached whereby the State would nolle the robbery case, and the defendant plead guilty to the other two. This agreement was reduced to writing by Trolinger's attorney, signed by him, approved and signed by both his parents and entered of record. Guilty pleas were

entered in the burglary-larceny case and the grand larceny case, a jury set the punishment at not more than 5 years and 3 years respectively, and judgments were pronounced for 3-5 years and 3 years in the penitentiary, the sentences to run consecutively. Thereafter, Trolinger was incarcerated in the penitentiary.

On May 29, 1968, he filed the petition that is the subject of this appeal, labeled a "petition for Writ of Habeas Corpus," and, his indigency appearing by his oath accompanying the petition, the Court of its own motion appointed counsel for him on June 10, 1968.

The thrust of the original petition is that (1) he was not advised of his rights prior to questioning; (2) that he was denied access to an attorney while in jail; (3) that he did not have a fair and impartial trial nor receive due process of law nor full protection of the law; and (4) that his 6-8 year sentence is unconstitutional and illegal. By amendment filed October 16, 1968, he added the charges (1) that a confession was beaten from him by police officers, and (2) that he was not advised of his right to counsel before interrogation.

The Court and District Attorney General treated this as a matter to be dealt with under the "Post-Conviction Procedure Act," T.C.A. Secs. 40-3801—40-3824, (effective date July 1, 1967). Hence, an answer was filed on behalf of the "State of Tennessee" which denied that any of his constitutional rights had been violated so as to void the Court's judgment; that the matters alleged were matters to be litigated on appeal rather than by collateral attack; and generally denied all allegations.

An evidentiary hearing was held on December 4,

1968, as a result of which the petition was dismissed, precipitating this appeal.

Two errors are assigned and urged upon this Court, namely (1) that the answer filed was insufficient in that it did not set out the matters required under T.C.A. Sec. 23-1823 of a return in a habeas corpus case; and (2) that Trolinger's constitutional rights were violated by his allegedly not being advised of his rights, by his not voluntarily waiving his right to counsel, and by being beaten during interrogation.

T.C.A. Sec. 23-1823 states:

"The person served with the writ shall state in his return, plainly and unequivocally:

(1) Whether he then has, or at any time has had, the party in his control or restraint, and, if so, the authority and cause thereof, setting out the same fully.

(2) If the party is detained under a writ, warrant, or other written authority, a copy thereof shall be annexed to the return, and the original shall be produced and exhibited to the court or judge, if required.

(3) If the person on whom the writ has been served, has had the plaintiff in his custody or power or under his restraint, at any time before or after the date of the writ, but has transferred him to another person, he shall state the facts explicitly, and to whom, at what time, for what cause, and by what authority such transfer was made."

The case of Ussery v. Avery, Tenn., 432 S.W.2d 656, decided October 11, 1968, deals with the requirements of this statute, and stated:

"Although respondents' answer states petitioner is in custody in the State Penitentiary at Nashville, pursuant to judgments convicting him of armed robbery in cases Nos. 11407 and 11406, no copy of the written authority under which respondents were holding petitioner was annexed to the return, nor was such authority produced and exhibited at the trial.

[I]t is not enough, since it is not a compliance with the statute, to prove by the clerk that there is a judgment of conviction on the minutes of the court which, by reason of its duration, could account for the keeping of the prisoner in custody. Proof of authority to detain must be made in accordance with the statute; which recognizes that events may have made the judgment ineffective.

While it may plausibly be argued that resort should be had to the presumption of regularity which appertains to official conduct to sustain the right to detain upon proof of minutes showing a judgment and sentence, this cannot be done in view of the express and mandatory provisions of the statute. And, while it would be possible to rationalize around the statute provision, we ought not, and will not do this. Especially, since we have already held that the provisions of T.C.A. Sec. 23-1807 with respect to the contents of a petition for the writ are mandatory. In the light of this ruling, which could hinder resort to the writ, we should, just as strongly stand for a mandatory construction of T.C.A. Sec. 23-1823. But such consideration aside, it is so easy to comply with the statute, and so dangerous not to (for who else but the keeper

knows the state of his records and authority to keep), that we must hold for strict compliance."

Ussery v. Avery, supra, dealt with a petition for the writ of habeas corpus which was filed on November 2, 1966, prior to the passage of the "Post-Conviction Procedure Act."

The code section dealing with the requirements for petition content referred to by the Court in Ussery, supra, as having been strictly construed is T.C.A. Sec. 23-1807, which says:

"The petition shall state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of his liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and if unknown, describing him with as much particularity as practicable.

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence.

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief.

(4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do."

It has been held that the foregoing statute mandatorily requires that a copy of any legal process by which the petitioner is restrained be attached to the petition or satisfactory reasons given for its absence, upon penalty of dismissal for failure to so do. State ex rel. Wood v. Johnson, 216 Tenn. 531, 393 S.W.2d 135; Johnson v. Russell, 218 Tenn. 443, 404 S.W.2d 471. The petition filed by Trolinger did not comply with this rule.

When the petition in the instant case was received it was ordered filed, but no process was ever served on Lake F. Russell, Warden, who was named as Respondent. The District Attorney General filed an answer in the name of the State of Tennessee. Appellant's lawyer raised the point, upon the hearing, here insisted upon as being error, that the Answer was insufficient in law (as not complying with T.C.A. Sec. 23-1823), and also noted that no service of process was ever had on Lake F. Russell. The Court announced that it was proceeding under the Post-Conviction Procedure Act, rather than the pre-existing Habeas Corpus statutes, and the hearing was held.

The following provisions of the Post-Conviction Act are relevant:

"40-3805. When relief granted.—

Relief under this chapter shall be granted when the conviction or sentence is void or voidable because of the abridgement in any way of any right guaranteed by the Constitution of the United States, including a right that was not recognized as existing at the time of the trial if either Constitution requires retrospective application of that right.

40.3808. Petitions for habeas corpus may be treated as petitions under this chapter.—

A petition for habeas corpus may be treated as petition under this chapter when the relief and procedure authorized by this chapter appear adequate and appropriate, notwithstanding anything to the contrary in title 23, chapter 18 of the Code, or any other statute."

We feel that both the petition and the answer fail to comply with the mandatory requirements of T.C.A. Sec. 23-1807 and T.C.A. Sec. 23-1823, respectively. Further, if we were to hold that this was a proceeding under the law of habeas corpus, as distinguished from the Post-Conviction Procedure Act, then we would have to say that the Respondent was never in court and has not yet been served and no valid proceedings had as to him.

■ But we hold that the trial court properly treated this as a case to be heard under the Post-Conviction Procedure Act, of which T.C.A. Sec. 40-3814 provides:

"The district attorney-general shall represent the state and respond by proper pleading on behalf of the state within thirty (30) days after receiving notice of the docketing or within such time as the court orders. If the petition does not include the records or transcripts *that are material to the questions raised therein,* the district attorney-general is empowered to obtain them at the expense of the state and shall file them with the responsive pleading or within a reasonable time thereafter." (Emphasis added.)

T.C.A. Sec. 40-3804, dealing with the contents of the petition and supporting papers, says in part:

"The petition shall have attached affidavits, records or other evidence supporting its allegations or shall state why they are not attached."

T.C.A. Sec. 40-3815 provides in part:

"The Court shall look to the substance rather than the form of the petition and no petition shall be dismissed for technical defects, incompleteness or lack of clarity until after the petitioner has had reasonable opportunity, with aid of counsel, to file amendments."

■ ■ The case sub judice, properly having been proceeded with as a Post-Conviction case, did not require that the answer comply with T.C.A. Sec. 23-1823, so the first assignment of error is overruled. If the assignment were to be applied to the answer and it judged under the requirements of the Post-Conviction Procedure Act, we feel that under the facts of this case it was adequate. Neither the petitioner-appellant nor the State attached any records to their pleadings. However, the questions presented by the petition are outside the scope of any court records; so the records material to the questions raised required to be filed by the Attorney-General under T.C.A. Sec. 40-3814 are non-existent. (The Court took judicial notice of all its prior judgments, records, etc., as a matter of fact.)

The multiple recitals of the second assignment of error are equally without merit. It is claimed therein that Trolinger's constitutional rights were violated by his allegedly not being advised of his rights, his not freely and voluntarily waiving his right to counsel, and by his being beaten by police officers during interrogation.

All of these allegations relate to pre-trial interrogation.

Trolinger had competent counsel at his trial. No confession was introduced. By the process of plea bargaining, the robbery charge was dropped and guilty pleas entered in the other two cases.

■ The trial court held an evidentiary hearing on the proposition of appellant's contentions, but no specific finding of fact was made with regard to the charges of beating, non-advice of rights, etc. The evidence clearly preponderates against Trolinger's contentions. The court reviewed the matter of the guilty pleas, etc., and held them to be regular and proper, saying that appellant "got exactly what he bargained for." The trial court also held this petition to be a collateral attack on these judgments.

Clearly, the guilty pleas in this instance were freely, voluntarily, intelligently and knowingly, entered. And since the guilty pleas were voluntarily and properly entered, they acted to waive all non-jurisdictional defects in any prior stage of the case and prior alleged constitutional violations. Reed v. Henderson (6th Cir. 1967), 385 F.2d 995.

The appellant is entitled to no relief under the facts or the law. The action of the trial court in dismissing this petition is affirmed.

OLIVER and DWYER, JJ., concur.