ALFRED WILLIAM RECOR, Appellant, v. STATE OF
TENNESSEE, Appellee.—472 S.W.2d 894.

July 6, 1971.

Certiorari Denied by Supreme Court October 18, 1971.

426

Richard J. Lyon and Samuel R. Anderson, Chattanooga, for appellant.

David M. Pack, Attorney General, Robert H. Roberts, Assistant Attorney General, Nashville, Edward E. Davis, District Attorney General, Chattanooga, for appellee.

RUSSELL, J. Alfred William Recor chose to plead guilty when he and his wife were brought to trial for the brutal murder of a neighbor girl in Chattanooga. Apparently what started out as a joint trial was converted by his announced intention to plead guilty into a trial of his wife. Recor was sent from the courtroom under the rule, because his wife's attorney indicated that he planned to use him as a witness. At the conclusion of the wife's trial, wherein she was found guilty of second degree murder, Recor was brought back into the courtroom. The jury which had just found his wife guilty was asked to remain in the box. He entered his formal plea of guilty to first degree murder, and the State recommended a seventy-five (75) year penitentiary sentence. The Court announced its approval and instructed the jury to pass upon whether or not they would approve the agreed disposition. After hearing two witnesses, and a stipulation that all of the evidence which they had just heard in the wife's case could be considered in reaching a decision, they returned and subsequently announced a verdict of guilty of first degree murder and set punishment at seventy-five (75) years in the penitentiary.

By post-conviction petition, Recor attacks the judgment upon the grounds (1) that the jury did not hear

evidence that would support a verdict of first degree murder; (2) that the ascertainment of the degree of homicide, even upon a guilty plea, is solely and exclusively the province of the jury, after being properly charged on all degrees, and that the guilty plea disposition of this case did not conform to this mandatory and exclusive procedure; and (3) the judgment is void in that Recor was denied his right of confrontation.

We disagree that he has carried the burden of proving that the jury did not hear evidence that would support a verdict of first degree murder. First, it is clear that his guilty plea was explicitly to murder in the first degree. A proper guilty plea dispenses with the requirement of evidence of guilt. State ex rel. Barnes v. Henderson, 220 Tenn. 719, 423 S.W.2d 497. Further, evidence was introduced, including his confession of the killing. True, it does not directly reflect premeditation; but the jury was at liberty to find premeditation from the whole body of proof in the wife's case, which was before them by stipulation. (We do not have that proof before us; but, since the burden was upon Recor, to establish his allegations, and he has not presented us with that proof, we cannot assume that it would not support the State's theory of premeditation.)

We overrule the contention that a plea of guilty to first degree murder cannot be voluntarily entered, and do not agree that it is constitutionally required that a jury must in all guilty plea homicide cases fix the degree of guilt after a full charge from the court. This question was laid to rest by this court in the case of State ex rel. Turner v. Henderson, Tenn.Cr.App., 447 S.W.2d 874, in a case very similar on its facts to this one.

■ Nor do we agree that Recor was denied his constitutional right to confront the witnesses against him. It is true that the procedure apparently followed here is rather unique, in that apparently Recor and his wife were to be tried jointly; and we're not sure that a severance was ever entered of record, although a severance procedure was in fact followed, in that Recor's case was taken up after his wife had been found guilty. The confrontation complaint apparently is rooted in the fact that a stipulation was entered in Recor's guilty-plea trial that the evidence previously introduced against his wife could be considered by the jury against him, it being the same jury. He was present when the stipulation was made, his lawyer actively participated in it, and he at least acquiesced in it. The right to confront witnesses is not absolute. It is legally possible and permissible and sometimes necessary for a defendant to be excluded from his own trial. This is a constitutional right that can, in a proper case, be waived. We find no constitutional right deprivation here, bearing in mind that no evidence at all is constitutionally mandatory after a valid guilty plea.

■ Finally, it is contended that the trial court erred in overruling petitioner's motion to amend his petition, and in "not granting an evidentiary hearing". The motion to amend was filed in skeleton form on the same date that the court decided the case, having had it under advisement for five and a half months after conducting a hearing thereon. Certainly the motion to amend came too late. And the complaint about not getting an evidentiary hearing is not factually substantiated. An evidentiary hearing was in fact held. It happens that the proof actually offered all had to do with the proceedings upon the guilty-plea trial, but petitioner introduced

evidence and was not denied an opportunity to call witnesses in support of his petition. It so happened that most of the issues raised were mainly matters of law.

All assignments of error are overruled and the judgment of the trial court is affirmed.

Mitchell, J., concurs.

Galbreath, J. (dissenting).

I must reluctantly dissent from Judge Russell's opinion.

Under present law the defendant in a criminal case entering a plea of guilty may generally waive the usual charge of the trial court to the jury. At the time the plea of guilty was entered in this case and the recommendation of the parties accepted by the jury the Code had been recently amended so as to provide that, upon a plea of guilty and submission to the jury for approval of the recommended punishment:

> "* * * In such pleas of guilty by stipulation and agreement, the judge shall not be required to charge the jury in writing, or otherwise." T.C.A. sec. 40-2310.

I am of the opinion that this statute has no application in murder cases where, by statute, it is the responsibility of the jury alone to fix the degree of a homicide. Unless the jury knows the various elements of the differing degrees of murder, how can it do what the law requires?

Instructions to a jury, it seems to me, are for the benefit not of the State or the defendant but the jury

members themselves. It does not help the jury discharge its awesome responsibility for the parties to waive the charge or stipulate that it is not needed in a settled case. We should not, it seems to me, take it completely for granted that a jury is going to agree on the recommendation of the parties. The jury represents, more than counsel or the court, society itself. And, society's representatives should be in the most advantageous position possible to make the determinations the jury is called upon to make in cases such as described in the record before us.

I doubt the applicability of the holding in State ex rel. Turner v. Henderson, Tenn.Cr.App., 447 S.W.2d 874, cited by Judge Russell in his opinion as authority that it is not constitutionally required that a jury in all guilty pleas fix the degree of homicide in a murder case after a full charge from the Court. *Turner* concerned a plea of guilty to second degree murder. The jury could have fixed no lower degree of murder since murder is divided into only two degrees in this State; and while it is true that no constitutional deprivation resulted when the jury was not instructed on a higher degree of crime than that submitted to them on a plea of guilty, the potential harm in cases in which the issue of only first degree is presented seems obvious.

Although a defendant in any criminal trial may now waive a trial by jury and have the judge fix the punishment (T.C.A. sec. 40-2504), nowhere does the law allow anyone other than the jury to fix the degree of murder involved in a prosecution for that high felony (T.C.A. sec. 39-2404). Our Supreme Court has consistently held that only the jury may decide whether a killing is first

or second degree murder. The judge may not. The prosecution may not. Not even the defendant is allowed to do this by stipulation with the State and approval of the Court. For as our Supreme Court has said:

"* * * [T]he jury are misled if the court omit to charge under the statute, and charge as at common law. Murder at common law was an integral thing; under the statute it is subdivided; as the law makes it so, some one must draw the line of distinction between the higher and lower grade of murder. Though malice is left to exist under either definition of these offences, murder in the first and second degree, still the statute makes a distinction between the characters of malice. The statute considers express malice, 'by poisoning, lying in wait, or willful, deliberate, premeditated and malicious killing,' more heinous than killing where the malice is implied, no matter what the manner of killing may be; and, in my opinion, here lies the distinction which, as to the prisoner, makes so marked a difference in his fate that it must not be overlooked. That it shall not be in any case overlooked is evident from the concluding part of the section. When the person pleads not guilty, the kind of malice, whether express or implied, is the subject of enquiry: and if he pleads guilty, a jury shall be called and the enquiry submitted as to that very point before judgment can follow. Hence in all cases where the charge is murder, the attention of the jury should be called to this very material distinction arising on the character of malice with which the act was accompanied. Was it express or was it implied?" Mitchell v. State, 13 Tenn. 340.

Perhaps with an adequate instruction as to what constitutes first degree murder a jury will decide that no such crime was committed in spite of the defendant's agreement that it was. Perhaps, on a plea of guilty to second degree murder, an informed jury will insist that the crime was more serious and refuse to allow the defendant to escape with a relatively minor punishment. In such instances a mistrial would have to be entered if the jury could not agree with the recommendations, or the parties accepted the verdict when reported, but this would seem to me to be preferable to reducing the time honored role of a jury in a criminal case to a nullity—to a "rubber stamp."

While the right to instructions in instances such as that found in Turner, *supra*, does not amount to a constitutional one, there can be no doubt that the right to trial by jury itself is not only imbedded in our basic law but is constitutionally "inviolate" (Constitution of Tennessee, Article I, Section 6). I would hold that depriving a defendant of an instructed jury on the only point of law germaine to its proper deliberations would be about the equivalent of withholding the constitutional safeguard provided. Certainly the constitutional and common law right to a jury carries with it the right of a competent jury; and an uninstructed jury is just as incompetent to try issues of fact as a person unlearned in the law and not duly elected and qualified would be to preside as judge. Only by statute may a jury in any felony case be waived (T.C.A. sec. 40-2504 as amended in 1965)—and that only as to guilty and punishment. Nowhere is it provided that this constitutionally afforded right to a jury may be set aside when the issue for resolution is

whether or not the elements proved in a prosecution for homicide are those constituting first degree murder.

For the reasons set forth above I would remand this case for further proceedings required by both constitution and statutes.