**Alfred W. RECOR, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Sept. 14, 1972.

Rehearing Denied Oct. 3, 1972.

Certiorari Denied by Supreme Court Dec. 18, 1972.

Samuel · R. Anderson and Thomas E. Ray, Chattanooga, for appellant.

David M. Pack, Atty. Gen., Bart Durham, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

RUSSELL, Judge.

This post-conviction proceeding is before us for disposition.

Alfred W. Recor pled guilty to first degree murder and received an agreed sentence of seventy-five (75) years in the penitentiary. He has since unsuccessfully prosecuted one State post-conviction petition (see Recor v. State, Tenn.Cr.App., 472 S.W.2d 894) raising questions of evidence sufficiency, the alleged necessity for the jury to have set the degree of homicide that he was guilty of, and alleged lack of confrontation of the witnesses; and has since again litigated essentially the same questions in the U.S. District Court for the Eastern District of Tennessee, Southern Division, with the same result. (Opinion of Hon. Frank W. Wilson, Judge, filed March 24, 1972.) In the federal proceeding he was declined a hearing on certain allegations because not previously presented to a State court, to wit: (1) denial of effective assistance of counsel, (2) lack of understanding and willingness with regard to his guilty plea; (3) denial of a fair and impartial trial, and (4) denial of a transcript of the trial for purposes of appeal.

Apparently on March 28, 1972, shortly after the dismissal of his Federal Court petition, Recor filed pro se a clearly stated typewritten petition in the Criminal Court of Hamilton County, and accompanied it with a written request that Hon. Samuel Anderson and/or Hon. Thomas E. Ray, members of the Hamilton County Bar, be appointed to represent him in the matter.

The petition was summarily dismissed on April 3, 1972, without appointment of counsel.

On April 10, 1972, a motion was filed in the case by Hon. Thomas E. Ray asking that a member of the law firm of Luther, Anderson and Ruth be appointed to represent Recor, stating "as a member of this firm has been appointed to represent the petitioner in previous court actions and no order of dismissal has ever been entered".

On the same date the same attorney filed a written motion asking the Court to reconsider its order of April 3, 1972, dismissing the petition.

On April 17, 1972, the trial court entered an order overruling the motions to appoint counsel and to reconsider the prior dismissal.

On April 18, 1972, Recor filed pro se a typewritten motion seeking the appointment of counsel to perfect an appeal of the petition dismissal to this court, and again specifically requested Hon. Thomas E. Ray and/or Hon. Samuel Anderson.

On April 24, 1972, the trial court considered said motion, and took it under advisement. On April 26, 1972, an order was entered denying the appointment of counsel, and saying, inter alia:

"It is the opinion of the court under the above cited cases that the petition is not entitled to have counsel appointed to aid

him to perfect an appeal to the State Court of Criminal Appeals and that further he is not entitled to an appeal, under the law, from a plea of guilty, especially in view of the fact that he has already had one evidentiary hearing under the Post Conviction Procedure Act which has been ruled on by the Criminal Court of Appeals and in which was affirmed by the Supreme Court of Tennessee.

"It is, therefore, Ordered, Adjudged and Decreed, that the Motion of Petitioner is hereby overruled and dismissed.

"The petitioner is allowed 30 days to appeal this case on the technical record."

On May 31, 1972, the trial court clerk made up and certified the technical record of the proceedings, and forwarded same to the clerk of this court, where duly filed on June 1, 1972.

But this is not all of the activity in the case. Some direct filings and actions have been taken in this court. We find with the record, but apparently not marked "filed" by our clerk, a communication (or petition) from Recor addressed to this court and dated by him May 18, 1972, and which seeks "to enter a formal appeal to the enclosed court decision" (enclosing pertinent parts of the trial court record) and asking this court to appoint Hon. Thomas E. Ray and/or Samuel Anderson as counsel to prosecute an appeal. (Enclosed with this filing is what purports to be a copy of a letter from Recor to the trial judge dated May 2, 1972, being "my plea to file an instant appeal".)

Also with our record (but not marked filed by our clerk) is an "Argument to the Court" signed by Recor and dated May 17, 1972, presumably meant as a pro se brief and argument in this court; and attaching a letter from attorney Ray to Recor dated May 12, 1972, in which the lawyer was apparently advising Recor as to how to proceed in this court. One advice was to file Ray's affidavit relative to some dialogue

with the trial judge upon the hearing of the motion to reconsider, and another was the filing with us of a copy of Mr. Ray's trial court brief upon that occasion; both of which suggestions have been followed.

Why counsel, who was obviously interested and willing to represent Recor, didn't simply proceed upon Recor's authority to gratuitously (and, to our great benefit, professionally and openly) perfect and prosecute the appeal is not at all clear.

Finally, Judge Oliver of this court, upon being made aware of the state of this record, entered an order on June 1, 1972, appointing Hon. Thomas E. Ray to represent Recor in this appeal. But our record indicates that assignments of error, brief and argument were already prepared and placed in the mail on May 30, 1972; submitted by Hon. Samuel R. Anderson (apparently a law partner of Mr. Ray) and filed in this court on June 3, 1972.

To keep up the new tempo of the case, it was heard upon oral argument on June 5, 1972, before the State had had time to file a reply brief; and on June 26, 1972, a motion was filed by Mr. Ray on behalf of Recor that the trial court be reversed, because the State had not yet filed its reply brief. However, that was done on July 18, 1972; and a "Reply to the State's Reply Brief" was filed on July 24, 1972. We now have the case for disposition.

We have set out the chronology of the case not only to bring it into focus, but to emphasize the confusion and extra effort required of everyone when prescribed procedures are not followed.

▓▓▓ Certainly the petitioner was entitled to an appeal from the summary dismissal of his petition. T.C.A. § 40–3822. And the immediate appointment of counsel for that purpose at the trial court level is the clear duty of the trial judge, where the petitioner is indigent.

This case is unusual in that Attorneys Anderson and Ray openly sought to assist;

and, after being thwarted, apparently continued to assist behind the scenes.

Their professional position in the case is put under question by the Attorney General, who points out in his reply brief that the law firm of Luther, Anderson and Ruth (of which Mr. Thomas E. Ray is apparently also a partner) embraces Richard R. Ruth, Jr., who is said to have been the assistant district attorney who prosecuted Recor. Attached to the brief filed for Recor as an exhibit is the affidavit of Attorney Anderson relative to alleged prejudicial conduct of Mr. Ruth in prosecuting the case. The State suggests that new counsel should be appointed for Recor. Present counsel seem to vigorously oppose any change, with this language:

> "To suggest, and a reading and rereading of the brief lends itself to no other inference, that one or both attorneys, who subsequently find themselves professionally associated, must choose between either abandoning their individual conviction and integrity or abandoning their sense of loyalty and advocacy of their client is a position contrary to the duties and desires of members of this bar and is very difficult to even comprehend that the State's representative should entertain such a thought.

> "Indeed, would it be unfortunate if Alfred Recor had to fall victim to a situation, beyond his most remote control, operating to suppress an inquiry into the truth of a full disclosure of the facts."

Let us look now to the petition for post-conviction relief and examine its allegations.

Ground 1 complains that part of the evidence was left out of the transcript of his first post-conviction proceeding. Specifically, it is said that a stipulation was entered into that "pages 518 to the end of the original transcript of the joint trial of Helen Recor and your petitioner would be made a part of the record of your petitioner's post conviction relief hearing" and

that this was not actually done. This is said to have been a denial of due process.

Obviously, without regard to such obvious questions as waiver, there can be no due process violation *in the conviction process* by what may have happened upon a prior post-conviction proceeding. Happenings upon post-conviction proceedings cannot render the initial judgment of conviction constitutionally void or voidable, which is the threshold predicate for such relief. T.C.A. § 40–3805. Unless the conviction or sentence is void or voidable upon constitutional grounds there can be no post-conviction relief.

Ground 2 alleges a denial (apparently again upon the first post-conviction proceeding) of a copy of the full transcript of Mrs. Recor's trial (which evidence, by stipulation, was also considered against him). It is said that this kept him from making out the grounds alleged in his first post-conviction proceeding.

Obviously, counsel could have gotten that transcript into the record upon the evidentiary hearing. And, again, we are not directly dealing with any alleged rights deprivation upon the original trial and conviction. As a matter of law, Recor's guilty plea was all of the evidence actually required, as we held in Recor v. State, supra. See also Barnes v. Henderson, 220 Tenn. 719, 423 S.W.2d 497. This question has been previously determined.

Ground 3 complains that an illegally obtained confession was used against him. On the assumed premise that his guilty plea was understandingly and voluntarily entered, this allegation states no possible basis for relief, because the question was thereby waived. Reed v. Henderson, (6th Cir. 1967), 385 F.2d 995; Trolinger v. Russell, 1 Tenn.Cr.App. 525, 446 S.W.2d 538.

Ground 4 alleges that Recor, whose confession of murder was used against him, was called as a State's witness upon

the second trial of his wife to testify that she was in fact the one who did the killing. It is the contention of Recor that this action by the State should void his prior guilty-plea conviction. He avers (and counsel's affidavit is filed to support the thesis) that the prosecuting attorneys doubted his guilt.

The law does not give this much weight to the opinions of counsel, even if we assume that the State's attorneys are not sure until this day of the true facts. We're dealing with a horrible murder of a little neighbor girl, perpetrated by Mr. and/or Mrs. Recor. He confessed. Evidence was introduced that convinced a trial judge and jury to accept his guilty plea. The mere fact that he subsequently testified for the State against his wife does not void his conviction. It is readily conceivable that both could have been guilty.

■ Ground 5 claims that Recor's plea was coerced, "in that your petitioner entered said plea under the belief that only by entering a guilty plea he could avoid testifying against his wife and that he could come back later for a new trial when the heat of public opinion had subsided". He alleges further, "at no time was your petitioner's plea entered as an admission of guilt but rather as an attempt to delay a trial until after his wife's trial was terminated and until after the passions of the public had cooled".

These are not allegations of illegal coercion, or lack of understanding. They reflect strategy which can be characterized as toying with the judicial process.

■ Ground 6 complains that the trial court did not explicitly explain all of the consequences of his guilty plea, specifically that "Such a plea is treated as a full determination of guilt and a waiver of non-jurisdictional defects". Such an explanation was unnecessary to the validity of this plea, where Recor obviously knew what crime he was pleading guilty to and what the punishment would be.

■ Ground 7 complains of his denial of a change of venue. Even if he made such a motion and it had merit, he waived it upon pleading guilty.

We have reviewed all of the allegations of the petition and affirm the action of the trial judge in summarily dismissing it. All assignments of error are overruled.

■ We would point out that our Post-Conviction Procedure Act does not contemplate, nor provide a vehicle for, a series of petitions, so long as new grounds are alleged each time. The Act, T.C.A. § 40–3801, et seq., contemplates that any petition filed will be all-inclusive of alleged grounds. Note, for example, that T.C.A. § 40–3804(10), dealing with petition contents, requires the inclusion of "Facts establishing the grounds on which the claim for relief is based, *whether they have been previously presented to any Court and, if not, why not*". The scope of the hearing, under T.C.A. § 40–3811, shall extend to *all grounds the petitioner may have* except those waived or previously determined. T.C.A. § 40–3815 provides that the trial court *shall require* amendments needed to achieve substantial justice and a full and fair hearing *of all available grounds for relief*. (Emphasis supplied.)

■ T.C.A. § 40–3812 deals with waiver. It says:

"A ground for relief is 'waived' if the petitioner knowingly and understandingly failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented. There is a rebuttable presumption that a ground for relief not raised in any such proceeding which was held was waived."

Appellant's counsel claims that this waiver statute, added to the law in 1971, has no application to this case for that reason.

But here is what our Supreme Court has recently said in Arthur v. State, Tenn., 483 S.W.2d 95, filed at Knoxville July 3, 1972:

"We consider the 1971 amendment to Section 40–3812 to be but a legislative declaration of the construction that the courts would give to the Post-Conviction Procedure Act, even had this amendment not been enacted. We hold, therefore, that since the record does not show that the petitioner presented, or had sufficient grounds for not presenting, to the court that convicted him, the facts of which he now complains, he waived them and is precluded from relying on them.

\* \* \* \* \* \*

"There must be a finality to all litigation, criminal as well as civil. The courts, the executive branch of government, the legal profession, and the public have been seriously inconvenienced by the prosecutions of baseless *habeas corpus* and post-conviction proceedings. Defendants to criminal prosecutions, like parties to civil suits, should be bound by the judgments therein entered. \* \* \* "

Recor has had one evidentiary hearing. Before he could have successfully obtained State post-conviction relief he had to have presented a legal excuse for not having litigated his ground(s) at that prior time, as it is otherwise deemed waived.

Here, we find both lack of merit and apparent waiver. The judgment of the trial court is affirmed.

OLIVER, J., and JOHN D. TEMPLETON, Special Judge, concur.

ORDER DENYING REHEARING

A petition to rehear has been filed in this case.

Counsel believes that the three judges who signed the opinion were not the same three who heard the oral argument in the case. Counsel is mistaken.

All other matters in the petition have been carefully studied, and present no ground for a rehearing.

The petition for a rehearing is denied.

OLIVER, J., and JOHN D. TEMPLETON, Special Judge, concur.