**Nelson Keith FOSTER, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

March 8, 1976.

Certiorari Denied by Supreme Court April 26, 1976.

Donald J. Boarman, Johnson City, for appellant.

R. A. Ashley, Jr., Atty. Gen., David L. Raybin, Asst. Atty. Gen., Nashville, Lewis W. May, Dist. Atty. Gen., Mountain City, for appellee.

OPINION

RUSSELL, Judge.

This is an appeal from the dismissal, after an evidentiary hearing, of a "petition for a writ of error coram nobis" originally addressed to this court but forwarded by our

---

5. *L. & N.R.R. Co. v. Atkins*, 390 F.Supp. 576 (M.D.Tenn.1975), aff'd 423 U.S. 802, 96 S.Ct. 10, 46 L.Ed.2d 24 (1975).

clerk to the Criminal Court of Washington County where it was treated as a petition for post-conviction relief.

The petitioner is Nelson Keith Foster, who was convicted of armed robbery in the Criminal Court of Washington County in 1971, and sentenced to ten years in the penitentiary. An immediate post-conviction proceeding resulted in a delayed appeal, and this court affirmed the conviction on March 2, 1973. Certiorari was denied by our Supreme Court on May 7, 1973. Foster then unsuccessfully prosecuted a federal habeas corpus proceeding through the federal courts. On October 26, 1973, he signed and subsequently filed a "petition for the writ of habeas corpus" in the court in which he was convicted. It was properly treated as a petition for post-conviction relief, and Foster was brought from the penitentiary for an evidentiary hearing on February 22, 1974. The two grounds alleged in the petition were counsel incompetency and the exclusion of blacks from the grand jury. The latter ground was apparently expressly waived upon the hearing, and a finding of fact made that counsel was not incompetent. Foster expressly waived in writing his right to appeal from that finding and the dismissal of the petition.

The procedures followed thereafter in State court were inappropriate, and have resulted in the complex procedural posture of the present case. On March 1, 1974, Foster filed a "motion for a temporary injunction", seeking to enjoin the finality of the order dismissing his post-conviction petition, on the ground that the attorney whose competency he had challenged had committed perjury upon the evidentiary hearing. The trial judge summarily overruled the motion. Foster then carried his counsel incompetency complaint to Federal District Court, where it was summarily dismissed because he had voluntarily waived his State appeal and hence had not availed himself fully of State procedures. Thereafter, on February 20, 1975, the clerk of this court in Knoxville received a pro se "petition for a writ of coram nobis" from Foster. Our clerk apparently decided that the peti-

tion was too late to be effective as a petition for the writ of error coram nobis, and that it had the characteristics of a petition for post-conviction relief; so he forwarded the petition to the trial court clerk "for appropriate action" and it was there promptly filed and an evidentiary hearing held thereon. Apparently the trial court was influenced by the forwarding of the petition from this court to give it more attention than it technically deserved.

This petition simply recites the history of past procedures and complains of the dismissal of the "motion for an injunction" overruled a year before, reiterates the claim that trial counsel perjured himself upon the evidentiary hearing, claims that the State in some unspecified way suppressed evidence of this perjury, and claims that counsel appointed to represent petitioner upon the last prior evidentiary hearing did not effectively assist in prosecuting the "motion for an injunction". The petition, to acquire legitimacy as one for the writ of error coram nobis, says that these matters are "facts unknown to the court at the time judgment was entered".

This petition might well have been summarily dismissed as an out-of-time petition for coram nobis. It was not a proper post-conviction petition. The petitioner, represented by counsel, deliberately waived his right of appeal from the finding that his trial lawyer was competent. Before that judgment was final he was accusing that trial lawyer of perjury upon the post-conviction hearing. Procedurally it would have been a simple matter to move for a rehearing in that case at that time. The "motion for an injunction" was totally inappropriate and properly overruled, from which again there was no appeal. The complaints about what happened upon a prior post-conviction hearing do not rise to the level of constitutional rights violations in the conviction process. The root question of counsel competency at that time was previously determined and that determination allowed to become final.

■ Furthermore, the Post-Conviction Procedure Act is not constructed to allow a

series of post-conviction proceedings without excuse. *Recor v. State*, Tenn.Cr.App., 489 S.W.2d 64(1972).

■ Nevertheless, Foster was given another evidentiary hearing and his claims ventilated. The trial judge found, as had been determined previously, that trial counsel was competent; and further found that trial counsel had not perjured himself upon the prior hearing. The evidence does not preponderate against these findings.

■ The complaint that the trial judge erred in not making further findings of fact is without merit. Those matters are not related to constitutional rights deprivations in the conviction process, and did not need to be further addressed.

This petitioner has abused post-conviction procedures. He has had three hearings, at considerable expense to the State.

The dismissal of this petition is affirmed.

DWYER and O'BRIEN, JJ., concur.