**John J. VILLANUEVA, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Supreme Court of Tennessee,
at Knoxville.

May 2, 1994.

Rehearing Denied Aug. 29, 1994.

Edward C. Miller, Public Defender, Dandridge, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Jeannie Kaess, Asst. Atty. Gen., Nashville, for appellee.

OPINION

O'BRIEN, Justice.

■ Petitioner, John Joseph Villaneuva has appealed the trial court's dismissal of his second post-conviction relief petition without benefit of an evidentiary hearing. The Court of Criminal Appeals, relying on both procedural and substantive grounds, affirmed the dismissal, with one judge concurring in results and a third concurring separately. We granted petitioner's Rule 11 application for permission to appeal. The primary issue for review concerns whether T.C.A. § 40–30–112(b)(1) inhibits the right of a petitioner to file separate post-conviction relief petitions challenging the validity of separate convictions entered on separate dates.

In 1987 the petitioner was indicted for a number of burglary and sexual offenses. During July 1987, after several charges of the indictment had been severed, the petitioner was tried before a jury upon a single count of first degree burglary. The jury returned a verdict of guilty and also determined that the petitioner was an habitual criminal. A sentence of life imprisonment was imposed.

On 10 November 1987, well before the direct appeal from the July 1987 jury trial had been reviewed by the Court of Criminal Appeals,[1] at a hearing for that purpose, the petitioner entered a plea of guilty on the remaining severed charges of first degree burglary, rape, and sexual battery. In exchange for petitioner's guilty plea, the State agreed to drop three (3) additional habitual criminal charges arising from two (2) burglary indictments and a rape charge. In return, the petitioner agreed not to challenge the effectiveness of his counsel at either the trial or submission hearing. During the same proceeding, Villaneuva further agreed not to challenge the validity of his designation as an habitual criminal. The trial court approved the plea bargain and the petitioner was sen-

---

**1.** The Court of Criminal Appeals affirmed the petitioner's 1987 conviction in an opinion filed 5    July 1988. *State v. John Joseph Villaneuva,* Jefferson County, CCA No. 77, 1988 WL 69528.

tenced to 25 years to run concurrently with the previously imposed life sentence.

Ignoring his promise to the contrary, the petitioner filed a post-conviction relief petition on 21 February 1989, challenging the effectiveness of his counsel during the 1987 jury trial and alleging vindictiveness of the prosecution. The trial court denied the 1989 petition and was affirmed by the Court of Criminal appeals on 30 May 1991. On 6 January 1992, this Court denied the petitioner's application for permission to appeal the 1989 post-conviction petition.

On 19 October 1990, while the first post-conviction application was still pending, the petitioner filed a second post-conviction petition alleging that his 1987 guilty pleas were not voluntarily and knowingly entered. No further allegations regarding the petitioner's July 1987 trial were included in this second post-conviction petition.

The trial court dismissed the second post-conviction petition without an evidentiary hearing on the ground that T.C.A. § 40-30-112(b)(1) prohibited the applicant from raising in a subsequent post-conviction petition any issue that could have been raised in an earlier petition. The trial court determined that since the petitioner's guilty pleas were entered before the filing date of the first post-conviction petition, any issues pertaining to those pleas had been waived by voluntary exclusion from the first petition. The Court of Criminal Appeals affirmed. Moreover, the appeals court determined that a review of the record revealed the petitioner's allegation of constitutionally infirm guilty pleas to be clearly and unequivocally without merit.

The State argues that all of the petitioner's convictions and guilty pleas arise from the same indictment and prosecution. Therefore, the jury trial and the submission hearing should be viewed as a single proceeding, despite severance of the offenses and the resulting separate convictions. It is the petitioner's argument that it is not the intent of post-conviction legislation to require all alleged conceivable constitutional issues, especially those concerning unquestionably separate convictions to be contained in a single post-conviction relief petition.

The controlling statute, T.C.A. § 40-30-112, states in pertinent part that:

(b)(1) A ground for relief is "waived" if the petitioner knowingly and understandingly failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented.

(2) There is a rebuttable presumption that a ground for relief not raised in any such proceeding which was held was waived.

■ The intention of T.C.A. § 40-30-112 is to require that a post-conviction relief petition be all-inclusive of a petitioner's alleged grounds, which if proven, would render a conviction constitutionally infirm. *Recor v. State*, 489 S.W.2d 64 (Tenn.Cr.App.1972). By its terms, T.C.A. § 40-30-112 is meant to prevent re-litigation of stale post-conviction relief claims arising from the same conviction. If an alleged ground was available at the time of the post-conviction hearing and the petitioner failed to litigate it, then the claim is presumptively deemed to have been waived. *See Allen v. State*, 854 S.W.2d 873, 875 (Tenn.1993.).

It is clear that T.C.A. § 40-30-112 is intended only to curtail subsequent challenges to the same conviction. To interpret the statute to require inclusion in a single petition all allegations of constitutional impropriety concerning all of a petitioner's convictions, even those arising out of separate judicial proceedings and resulting in separate convictions, sweeps with too broad a brush. It is necessary to balance the need for finality of judgments of lower courts, while still retaining the right of convicted criminals to raise legitimate post-conviction claims within a meaningful time and manner. *See generally Warren v. State*, 833 S.W.2d 101 (Tenn.Cr. App.1992); *Archer v. State*, 851 S.W.2d 157 (Tenn.1993).

Accordingly, we hold that the trial court's dismissal of the petition, on the ground that the issue presented had been previously determined or waived, was in error. However, under the circumstances presented, the trial court's dismissal can only be viewed as harmless error.

Review of the appellate record clearly establishes that the guilty pleas entered by the petitioner during the 1987 submission hearing were entered both knowingly and voluntarily. The trial court fully advised the petitioner of his privileges, rights and the consequences of his plea. We find nothing in the record supporting the petitioner's claim of abridgement of any right guaranteed by the State or Federal Constitution. Mr. Villaneuva was not prejudiced in any manner by the trial court's refusal to address the merits of the petition.

The cause is remanded to the trial court for any further proceedings required not inconsistent with this Opinion.

Costs to the appellant.

REID, C.J., and DROWOTA and ANDERSON, JJ., concur.

DAUGHTREY, not participating.